| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, COLORADO**<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: August 7, 2023 11:34 AM<br>FILING ID: 60496A319BC91<br>CASE NUMBER: 2023CV32280 |
| **DIANA LARSON,**<br><br>*Plaintiff,*<br><br>v.<br><br>**DILLON COMPANIES, LLC d/b/a KING SOOPERS**<br><br>*Defendant.* | ▲**COURT USE ONLY**▲ |
| **Robinson & Henry, PC**<br>Jon M. Topolewski, #52318<br>Matthew W. Hamblin, #49572<br>216 16th Street, Suite 750<br>Denver, CO 80202<br>Phone Number: 303.688.0944<br>Fax Number: 303.284.2942<br>jon@robinsonandhenry.com<br>matthew.hamblin@robinsonandhenry.com<br>Attorneys for Plaintiff | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Diana Larson, ("Plaintiff") by and through her undersigned counsel, Robinson & Henry, PC submits her Complaint and Jury Demand against Defendant Dillon Companies, LLC d/b/a King Soopers as follows:

## I. PARTIES

1. At the commencement of this complaint, Plaintiff's address is 1960 White Ibis Court, Loveland Colorado 80537.

2. At all relevant times, Defendant **Dillion Companies, LLC d/b/a King Soopers** ("Defendant") is a foreign limited liability corporation doing business in the State of Colorado. The company's principal office is located at 1014 Vine Street, Cincinnati, Ohio 45202. The corporation's registered agent is CT Corporation System, located at 1900 W. Littleton Boulevard, Littleton, CO 80120. These names and/or any other version of the corporate name, or trade name, or any other name, and any and all subsidiaries and affiliated companies, are expressly incorporated herein.

3. On or about August 2, 2022, Defendant was in possession of a grocery store commonly known as King Soopers located at 4503 John F. Kennedy Pkwy, Fort Collins Colorado, 80525. (Hereinafter referred to as "King Soopers").

## II.   JURISDICTION AND VENUE

4. Plaintiff incorporates all of the foregoing allegations as though set forth fully herein.

5. Defendant is a foreign corporation who transacts business within the City and County of Denver. Accordingly, the District Court for the City and County of Denver of Colorado is a proper venue pursuant to Colo. R. Civ. P. 98.

6. The Court has jurisdiction over Defendant as a result of their business in the State of Colorado, thus availing themselves to the jurisdiction of the Colorado Courts.

## III.   GENERAL ALLEGATIONS

7. On or about August 2, 2022, Plaintiff was legally at King Soopers to shop for groceries.

8. On that date, in the morning hours, King Soopers was busy with shoppers like Plaintiff.

9. At all relevant times, Defendant was responsible for the maintenance and condition of the King Soopers.

10. At all relevant times, Defendant was responsible for the hiring, training, and supervising of its employees and/ or agents to ensure they performed their job duties safely.

11. On information and belief Defendant controlled the activities of its employees and/or agents at King Soopers.

12. On information and belief, Defendant's employees were responsible for the stocking of items for sale at King Soopers.

13. On information and belief, Defendant's employees moved sale items through the use of grocery stocking carts.

14. On information and belief, Defendant was aware that shoppers could be struck by stocking carts when they are shopping.

15. On information and belief, Defendant was aware that overstocking a stocking cart so that the stacked merchandise would impede a grocery stocker's line of sight increased the danger of shoppers being struck by a stocking cart.

16. On information and belief, Defendant was aware of an increased danger of shoppers being struck by a stocking cart during busy shopping hours.

17. On or about August 2, 2022, Plaintiff was walking to the back of King Soopers where there were swinging doors leading to the back area of the store.

18. While shopping, Plaintiff was struck hard on the right by a grocery stocking cart operated by Defendant's employee.

19. The individual pushing the shopping cart (hereinafter referred to as the "King Soopers Employee") was employed by Defendant.

20. King Sooper's employee had overstocked the stocking cart by stacking totes with merchandise on-top of the cart to the extent that it impeded his or her view and prevented him or her from keeping a proper lookout for shoppers in the aisles or walkways of King Soopers.

21. On information and belief Defendant failed to properly train King Soopers Employee on the safe usage of the stocking carts.

22. On information and belief Defendant failed to properly train King Soopers Employee on the proper loading of stocking carts.

23. On information and belief Defendant failed to properly supervise King Soopers Employee while he or she was restocking store merchandise.

24. Plaintiff received no notice or warning that a stocking cart was moving toward her from her right side.

25. Defendant provided no warnings to patrons like Plaintiff of the movement stocking carts through the store.

26. King Soopers Employee disregarded Plaintiff or failed to see Plaintiff when he or she ran the stocking cart into her right side.

27. King Soopers Employee was pushing the full stocking cart too fast at the time he or she collided with Plaintiff causing her to fall onto the ground.

28. King Soopers Employee was pushing the stocking cart with merchandise stacked too high, impeding his view of shoppers immediately in front of the cart.

29. King Soopers Employee failed to maintain a proper lookout while navigating the aisle and pushed the full socking cart into Plaintiff causing her to fall onto the ground.

30. Immediately following the collision with Defendant's stocking cart, Ms. Larson fell over onto her left outstretched hand as well as her right and left knees then landing on her left shoulder.

### FIRST CLAIM FOR RELIEF
(*Premises Liability Against Defendant*)

31. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 30 as though fully set forth herein.

32. Defendant is a landowner under the Premise Liability Statute (CRS § 13-21-115) ("PLA") for purposes of this claim because it was responsible for the subject incident and/or in possession of the subject property or legally responsible for the condition of the subject property or for the activities conducted or circumstances existing on the subject property.

33. Plaintiff was an invitee under the PLA for purposes of this claim because she entered on Defendant's property for its economic benefit or for any other legally valid reason.

34. Plaintiff was injured in the subject incident when she was struck by Defendant's stocking cart operated by Defendant's employee causing her to fall and sustain injuries on August 2, 2022.

35. Defendant had all duties imposed on it under Colorado law at the time of the incident including, but not limited to, a duty to exercise reasonable care to protect against dangers, and/or dangerous activities, on the subject property that it knew or should have known about.

36. Such dangerous activities on the subject property include activities of employees pushing stocking carts too quickly, too full, or while distracted through walkway aisles where it knew or should have known shoppers would be walking and shopping.

37. Defendant unreasonably failed to exercise reasonable care to protect against dangers and/or dangerous activities, of which they actually knew or should have known by failing to remove, remediate, mitigate and/or properly maintain the dangerous area/condition. Defendant was negligent, reckless, and careless.

38. Such unreasonable failures include, but are not limited to, Defendant's failure to properly train and supervise its employees who were engaged with pushing stocking carts to maintain a reasonable speed, keep a lookout for active shoppers in the walkways or aisles, and to not "overstock" a stocking cart too high.

39. As a direct and proximate result of Defendant's negligence, Plaintiff was injured.

40. As a direct and proximate result of said negligence, Plaintiff suffered multiple injuries, future injuries, economic damages, non-economic damages, physical impairment, medical bills, and expenses.

**SECOND CLAIM FOR RELIEF**
(*Negligence, in the alternative, Against Defendant*)

41. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 40 as though fully set forth herein.

42. In the alternative to Plaintiff's claims under CRS 13-21-115 above, Plaintiff brings suit under a theory of negligence.

43. At all times relevant hereto, Defendant owned, operated, maintained, controlled, serviced, cleaned, managed, or otherwise acted upon/conducted activities at King Soopers.

44. At all relevant times, Defendant had a duty to exercise reasonable care and be free of negligence in the management and maintenance of King Soopers.

45. This duty of care included ensuring that the area where Plaintiff was shopping was free and clear of any condition or activity that it knew or should have known was dangerous and/or hazardous including but not limited to collision hazards with stocking carts.

46. At all relevant times, Defendant knew or should have known that allowing or requiring restocking while the store was busy.

47. Defendant failed to act with reasonable care and was negligent in creating, allowing and/or permitting employees pushing stocking carts to push those carts faster than reasonable and without maintain a proper lookout in the shopping aisles where shoppers like Plaintiff would be present.

48. Defendant failed to act with reasonable care and was negligent in failing to train and/or supervise employees pushing stocking carts to not push those carts faster than reasonable and without maintain a proper lookout in the shopping aisles where shoppers like Plaintiff would be present.

49. As a direct and proximate result of Defendant's negligence, Plaintiff suffered injuries and damages and losses.

### THIRD CLAIM FOR RELIEF
*Respondeat Superior, in the alternative, Against Defendant*

50. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 49 as though fully set forth herein.

51. Defendant is vicariously liable for the acts and omissions of its employees who ere acting under the course and scope of their employment with Defendant.

52. Defendant is vicariously liable through the theory of respondeat superior for the negligent acts and omissions of its employee, King Soopers Employee.

53. King Soopers Employee failed to exercise ordinary care as he or she pushed a cart full of merchandise down a King Soopers aisle because King Soopers Employee was pushing the cart unreasonably fast with merchandise stacked too high and was not keeping a proper lookout even though he or she knew that there were shoppers in that aisle that could be injured by his or her conduct.

54. Defendant is responsible through vicarious liability/respondeat superior for the negligent acts and omission of King Soopers Employee that caused Plaintiff's economic losses, non-economic losses and physical impairment and disfigurement damages as stated and established.

**WHEREFORE,** Plaintiff prays for judgment against Defendant for all economic, non-economic, and physical impairment damages that may be awarded as compensation for Plaintiff's injuries and to fully compensate her for all damages, including, but not limited to, attorneys' fees allowable by law, costs, all interest allowable by law including pre-judgment and post-judgment interest, and for further relief the Court deems equitable, just or proper in the circumstances.

**PLAINTIFF DEMANDS A TRIAL TO A JURY.**

Respectfully submitted this August 7, 2023.

**Robinson and Henry P.C.**

By: */s/ Matthew Hamblin*
Matthew Hamblin #49572
Attorney for Plaintiff

**Plaintiff's Address:**
1960 White Ibis Court
Loveland, Colorado 80537